## C. W. RIDDICK v. J. D. BRYANT.

Delivered May 6, 1897.

**Plea of Privilege—Continuance by Plaintiff—Acquiescence by Defendant—Effect.**

A plaintiff by entering a continuance, in the absence of defendant, can not deprive the latter of his right to insist upon a plea of privilege to be sued in the county of his residence previously filed by him; nor does the latter's acquiescence in the continuance after it has been entered have such effect.

APPEAL from the County Court of Harris. Tried below before Hon. JOHN G. TOD.

*Joe H. Eagle,* for appellant.—A plea of privilege, or plea to the jurisdiction of the person, is a plea in abatement, and should be disposed of at the first term of the court after same has been filed; and an agreement that same be continued generally is a waiver of said plea, and the party pleading same is held to answer at next term of court on the merits of the cause. Rev. Stats. 1895, arts. 1269, 1291; Spencer v. James, 10 Texas Civ. App., 328; Peveler v. Peveler, 54 Texas, 55, 56; McDonald v. Blount, 2 Willson C. C., 344; Turman v. Robertson, 3 Willson C. C., 215; Green v. Brown, 4 Willson C. C., 162.

*Blake Dupree* and *Ashe & Spotts,* for appellee.

WILLIAMS, ASSOCIATE JUSTICE.—At or before the first term of the court after service, appellant, who was defendant below, filed his plea of privilege, duly asserting his privilege to be sued in Fort Bend County, the county of his residence. When the case was called at the first term appellant was not present, and his counsel was absent from the court on account of sickness, and at the suggestion of counsel for appellee (plaintiff), the cause was continued, the entry made being "continued generally." Within twenty minutes after the case had been thus continued, appellant's counsel came into the court room and inquired of counsel for appellee as to the action taken in the case, and being informed by the latter that, not desiring to take advantage of the absence of the former, he had the case continued, expressed his thanks for and approval of the course taken. The court's attention was not called to the case at that term, after the continuance was entered, the term lasting two weeks thereafter. At the next term, when the case was called, appellant presented his plea of privilege, and the court, upon these facts being made to appear, declined to consider it, further than to overrule it, on the ground that it had been waived. No other plea was ever made by appellant. This ruling presents the only question raised on this appeal.

We think the ruling of the court was error. The plea could only be waived by appellant. A continuance entered in his absence, without his acquiescence, by itself could not have the effect to deprive him of his

right to insist upon his plea. When the case was called the plaintiff had his choice between two courses—either to try the case in the absence of the defendant, and put him to his motion for new trial, or to recognize the propriety of the absence of his counsel, and continue the case. Had he taken the former course and obtained judgment, and this had been set aside upon proper showing, the cause would have stood as if it had not been tried, with the plea remaining for disposition. Taking the latter course, the continuance was necessarily without prejudice to the plea, because neither the plaintiff nor the court could waive it for the defendant. It has been held that when there is no other issue in the case but that presented by the plea of privilege, a continuance by consent is a continuance of such issue, and is without prejudice to it. This seems to us to be reasonable and correct. Howeth v. Clark, 4 Willson C. C., 314.

Whether it is so or not, it is necessarily true that a continuance entered in the absence of a defendant and his representative, to which only the plaintiff consents, can not take away the rights of defendant under his plea. This being so, what was the effect of the conversation between the counsel after the continuance was entered? It evidently added nothing to what had been done, for it was only that of which appellant's counsel approved and in which he acquiesced. That, as we have seen, was a continuance without prejudice, with the plea standing undisposed of.

It was not incumbent on appellant to move to set aside the continuance, because it worked him no prejudice. It was equally unnecessary for him, at the same term, to call up his plea of privilege, because the case had been continued. Nor do we intimate that a defendant waives his plea of privilege by simply failing to call it up for action at the first term, where no other action is taken. In every case cited by appellee the defendant consented to a continuance of the cause without asking action on his plea. Here the continuance was not entered by consent, and the plea remained for future action, and appellant merely acquiesced in this after it had been done.

*Reversed and remanded.*